UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

MICHAEL CLAIR,

Petitioner,

v. Case No. 5:17cv90/MCR/CJK

WARDEN BLACKMON,

Respondent.
_______________________/

REPORT AND RECOMMENDATION

Before the court is an amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 5), with petitioner's previously filed supporting memorandum (doc. 1, Mem.). The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration, the undersigned concludes that the petition should be dismissed for lack of jurisdiction.

BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a federal inmate currently confined at the Federal Correctional Institution in Marianna, Florida, serving a sentence imposed by the United States District Court for the District of Idaho in *United States v. Clair*, Case Number 1:13cr169. (Doc. 5, p. 2). In Case No. 1:13cr169, petitioner was convicted, pursuant

to his guilty plea, of one count of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a). (Doc. 5, p. 2; Doc. 1, Mem., p. 1). Petitioner states that he was sentenced on October 10, 2013, to thirty years in prison followed by supervised release. (Doc. 1, Mem., p. 1). Petitioner did not directly appeal from his criminal judgment and has not collaterally attacked his sentence under 28 U.S.C. § 2255. (Doc. 5, p. 2). In this habeas action, petitioner seeks to challenge his 2013 sentence on the ground that he is actually innocent of the sentence enhancements applied pursuant to 18 U.S.C. 2G2.1(6)(1)(A), and 2G2.1(A)(1)-(5), because the Government presented insufficient evidence to support them. (Doc. 5; Doc. 1, Mem.).

DISCUSSION

"Typically, collateral attacks on the validity of a federal sentence must be brought under [28 U.S.C.] § 2255." *Darby v. Hawk-Sawyer*, 405 F.3d 942, 944 (11th Cir. 2005); *McCarthan v. Dir. v. Goodwill Indus. - Suncoast, Inc.*, 851 F.3d 1076, 1081 (11th Cir. 2017) ("Since 1948, Congress has required that a federal prisoner file a motion to vacate, 28 U.S.C. § 2255, instead of a petition for a writ of habeas corpus, *id*. § 2241, to collaterally attack the legality of his sentence."). "A motion to vacate allows a prisoner to contest his sentence 'upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the

court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack.'" *McCarthan* at 1081 (*quoting* 28 U.S.C. § 2255(a)). The "saving clause" of § 2255 permits a federal prisoner to file a habeas petition under 28 U.S.C. § 2241, if he establishes that the remedy provided under § 2255 is inadequate or ineffective to test the legality of his detention. 28 U.S.C. § 2255(e); *see also McCarthan* at 1081. Petitioner argues that he satisfies the requirements of the § 2255(e) saving clause and is entitled to bring his claim under § 2241, because his claim relies on a retroactively applicable Supreme Court decision, namely, *Burrage v. United States*, 571 U.S. —, 134 S. Ct. 881 (2014), and his time for filing a § 2255 motion had expired by the time the *Burrage* decision issued.[1]

In *McCarthan*, the Eleventh Circuit, overruling prior circuit precedent, established a new test for determining when a prisoner can proceed under § 2241. *Id*. at 1082. The court held: "A motion to vacate is inadequate or ineffective to test the legality of a prisoner's detention only when it cannot remedy a particular kind of claim." *McCarthan* at 1099; *see also id*. at 1089 ("When a prisoner's motion attacks his sentence based on a cognizable claim that can be brought in the correct venue,

---

[1] In *Burrage*, the Supreme Court held: "[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C) unless such use is a but-for cause of the death or injury." 134 S. Ct. at 892.

the remedy by motion is adequate and effective to test his claim."). The new *McCarthan* test has been summarized as follows:

> [W]e determined [in *McCarthan*] that the only relevant consideration is whether the prisoner would have been permitted to bring that type of claim in a § 2255 motion. If so, the § 2255 remedy is adequate and effective, even if the specific claim would have been foreclosed by circuit precedent or otherwise subject to some procedural bar or time limitation. A § 2255 motion is inadequate or ineffective to test the legality of a prisoner's detention under the saving clause only in limited circumstances. Those circumstances include: (1) when raising claims challenging the execution of the sentence, such as the deprivation of good-time credits or parole determinations; (2) when the sentencing court is unavailable, such as when the sentencing court itself has been dissolved; or (3) when practical considerations, such as multiple sentencing courts, might prevent a petitioner from filing a motion to vacate.

*Bernard v. FCC Coleman Warden*, — F. App'x —, 2017 WL 1430875, at *1 (11th Cir. Apr. 24, 2017) (*citing McCarthan* at 1085-1088).

Petitioner does not satisfy the *McCarthan* test for proceeding under the saving clause. Petitioner's claim that there was insufficient evidence to support his sentence enhancements is exactly the kind of claim that a motion to vacate is designed to remedy. Petitioner could have brought his § 2241 claim in a § 2255 motion. Neither petitioner's failure to bring his claim earlier nor his odds of success on the merits are relevant to the saving clause inquiry. Because petitioner's § 2241 claim is a traditional claim attacking his sentence that he could have brought in a motion to vacate, the remedy by motion under § 2255 is adequate and effective to test the

legality of his detention. Petitioner's failure to satisfy the saving clause requires dismissal of this case.

Accordingly, it is respectfully RECOMMENDED:

1. That the amended petition for writ of habeas corpus filed under 28 U.S.C. § 2241 (doc. 5), be DISMISSED WITH PREJUDICE for lack of jurisdiction, as petitioner has not demonstrated entitlement to proceed under § 2241.

2. That the clerk be directed to close the file.

Dated: May 3, 2017

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.